FILED

IN THE UNITED STATES DISTRICT COURT ᴀᴹ 11: 44
FOR THE MIDDLE DISTRICT OF FLORIDA

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

| | |
|---|---|
| Joseph P. Grobaski | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil No. 6:04cv1314-Orl-22 DAB |
| | * |
| GMAC Mortgage Corporation | * TRIAL BY JURY DEMANDED |
| dba ditech.com, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | * |
| | * |

## COMPLAINT

Joseph P. Grobaski, Plaintiff, complains as follows against GMAC Mortgage Corporation dba ditech.com ("ditech"):

## INTRODUCTION

1. The defendant, ditech is a large, sophisticated lender that solicits clients for second mortgage loans through a massive television campaign and through the use of an internet web site. Ditech advertises that it allows the public to deal directly with the lender and avoid the middleman, implying that it will cost the borrower less than a traditional loan through a bank.

2. Defendant charged the plaintiff at least $3,695 up front for a $33,000 loan. The plaintiff was not provided a statement of the Annual Percentage Rate ("APR"). The loan was secured by a second mortgage against the plaintiff's home.

3. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

4. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

5. The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

6. TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

7. Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]".

8.  Additionally, when a consumer is using their home as collateral for a loan. The TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

9.  The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

10. In 1994, Congress added to the TILA by enacting the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA"). HOEPA was enacted by Congress to curb predatory lending.

11. Congress found that several high-rate lenders were using non-purchase money mortgages to take advantage of unsophisticated and low income homeowners in a "predatory" fashion. See S. Rep. 103-169, 1994 U.S.C.C.A.N. 1881, 1907.

12. HOEPA provides additional protections for consumers whose loan falls within the definition of a "High Cost Mortgage". A loan is considered a "high cost mortgage" and triggers the HOEPA requirements if one of two tests is met. The first test is whether the consumer was charged more than 8% of the "total loan amount" in points and fees. In setting the 8% bright line test Congress found that the 8% level for points and fees was well above the industry average. The 8% trigger was to "prevent unscrupulous creditors from using grossly inflated fees and charges to take advantage of unwitting consumers". S. Rep. 103-169, 1994 U.S.S.C.A.N. 1881,

3

1908. The second test is whether the APR exceeds the comparable treasuries rate by more than 10%.

13. The loan made to plaintiff was a high cost loan since Ditech charged points and fees in excess of eight percent of the "total loan amount".

## JURISDICTION

14. This Court has jurisdiction under 28 USC § 1331 in that the complaint deals with federal questions arising from federal statutes.

## VENUE

15. Venue is proper in this District where the defendant resides pursuant to 28 U.S.C. Sec. 1391 (b).

## PARTIES

16. Plaintiff is a "consumer" as defined under TILA, 15 USC § 1602(h).

17. The plaintiff is a resident of Florida.

18. Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f).

19. Ditech has made more than five loans secured by real property in the each of the years 1999, 2000, and 2001.

## FIRST COUNT

## VIOLATION OF TRUTH IN LENDING ACT

20. Plaintiff incorporates by reference, the allegations in the foregoing paragraphs.

21. The plaintiff entered into a loan that was secured by the plaintiff's principal dwelling.

4

22. The plaintiff was entitled to notice of a right to cancel the transaction.

23. The notice was required to set forth the date the right to cancel period expires pursuant to 12 CFR Sec. 226.23 (b)(1)(v).

24. The notice given to the plaintiff did not provide the date that the right to cancel expired. As a result, the Plaintiff was not given the proper, required notice of the right to cancel in violation of the TILA. See Notice of Right to Cancel attached as Exhibit 1.

25. The defendant failed to provide the plaintiff with a Truth in Lending Disclosure statement. He was not provided the material disclosures required. The first payment on the loan was made from the loan proceeds. See Settlement Statement attached as Exhibit 2.

26. The date of the note was April 1, 2000.

27. Plaintiff gave the defendant written notice of an election to cancel the transaction within three years of the date set forth on the note.

28. Plaintiff's written election to cancel was given on March 12, 2003.

29. A response is required within 20 days. See 15 U.S.C. Sec. 1635 (a).

30. The defendant did not honor or respond to the plaintiff's written election to cancel at any time.

31. Plaintiff was forced to file this action to confirm the election to cancel. Plaintiff did not sell his home or refinance before giving his election to cancel.

Wherefore, plaintiff prays this court grant the following relief in plaintiff's favor and against defendant, ditech:

a.    A judgment enforcing the election to rescind the transaction and granting the plaintiff the relief he is entitled to under 15 U.S.C. § 1635;

b.    An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the plaintiff's notice of election to cancel;

c.    An award of costs and attorneys fees;

d.    Such other and further relief that the nature of the plaintiff's cause may require.

## SECOND COUNT

## VIOLATION OF HOME OWNERSHIP EQUITY PROTECTION ACT

32. Plaintiff incorporates by reference, the foregoing allegations.

33. The Plaintiff was charged points and fees in excess of eight percent of the "total loan amount".

34. The plaintiff's loan falls within the definition of a "high cost" mortgage as that term is defined by 15 U.S.C. § 1602 (aa).

35. The plaintiff's loan falls within the parameters of HOEPA, 15 U.S.C. § 1639.

36. HOEPA requires that certain disclosures be made in conspicuous type size to consumers at least three business days before loan consummation. See 15 U.S.C. Sec. 1639 (b)(1). The plaintiff was not provided any notice.

37. The plaintiff was not provided the notices three business days in advance as required by 15 U.S.C. Sec. 1639 (b).

6

38. The disclosures required by 15 U.S.C. Sec. 1639 (a) are deemed material disclosures under 15 U.S.C. Sec. 1602 (u).

39. The defendant included a prepayment penalty that failed to comply with 15 U.S.C. Sec. 1639 (c)(2)(B). See Prepayment Penalty Provision attached as Exhibit 3.

40. The inclusion of terms, prohibited by HOEPA, are deemed to be failure to provide material disclosures for purposes of rescission. 15 U.S.C. Sec. 1639 (j).

41. Plaintiff gave the defendant written notice of the election to cancel the transaction within three years of the date set forth on the note.

42. The defendant did not honor or respond to the plaintiff's written election to cancel at any time.

43. Plaintiff was forced to file this action to confirm the election to cancel.

Wherefore, plaintiff prays this court grant the following relief in favor of the plaintiff and against defendant, ditech:

    a.    A judgment confirming the election to cancel the transaction and granting the plaintiff the relief the plaintiff is entitled to under 15 U.S.C. § 1635;

    b.    An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the plaintiff's notice of their election to cancel;

    c.    An award of costs and attorneys fees;

    d.    Such other and further relief that the nature of the plaintiff's cause may require.

## DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury of plaintiff's claims.

Respectfully submitted,

Mary T. Szeluga, Esq.
TRIAL COUNSEL
Florida Bar No. 17388
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Tel. (301) 620-1016 or
(888) 534-4529
Fax (301) 620-1018
Attorneys for Plaintiff.


Dennis R. O'Connor, Esq.
Bar No. **376574**
Cooney, Mattson, Lance, Blackburn,
    Richards & O'Connor
AmSouth Bank Center
111 North Orange Avenue, Suite 850
Orlando, FL 32801
Tel. 407.843.2100
Fax 407.843.2061
Email doconnor@cmlbro.com
Attorneys for Plaintiffs

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2004, I served a true and correct copy of the foregoing complaint, by depositing same in the U.S. Mail. first class postage prepaid, on the counsel for the defendants, to wit:

Nathan E. Nason, Esq.
Nason, Yeager, Gerson, White & Lioce, PA
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL 33401

And

Mark S. Melodia, Esq.,
Reed Smith, LLP
136 Main Street, Suite 250
Princeton, NJ 08540

Mary T. Szeluga

9

# EXHIBIT 1

**NOTICE OF RIGHT TO CANCEL**
(General)

Borrower: **Joseph P. Grobaski**

Loan Number:  **000652079284**

Property Address: **1005 10th Lane**
                  **Greenacres, FL  33463**

Lender: **GMAC Mortgage Corporation DBA ditech.com**

Tax I.D. No.: **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**

---

**1. YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is the date the promissory note and mortgage or deed of trust are actually signed and acknowledged by you (you have indicated that this will occur on) **April 1, 2000** : or
(2) the date you received your Truth-in-Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**2. HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
**GMAC Mortgage Corporation DBA ditech.com, 3200 Park Center Dr. Suite 150, Costa Mesa, CA  92626**
(creditor's name and business address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of

_____ (date)
(or midnight of the third business day following the latest of the three events listed above).  If you send or deliver your written notice to rescind some other way, the notice must be delivered to us at the above address no later than 5:00 p.m. on the third business day following the date the loan is made.

**I WISH TO CANCEL**

_____
Customer's Signature

_____
Date

---

ON THE DATE LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF THE RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____        _____
Name                    Date     Name  **Joseph P. Grobaski**        Date

_____        _____
Name                    Date     Name  **Diana Kolb**                Date

EXHIBIT 1

# EXHIBIT 2

**DiTech Escrow Corporation**
*3200 Park Center Suite 150*
*Costa Mesa, CA 92626*
*949-622-8150*

```
Loan Number:                                    1st Payment Date: 6/1/2000
                          000652079284
Processor:                Christiana Tacalo      Interest Rate:    13.875%
Escrow Number:            FL 34093               Loan Type:        2ND
Escrow Officer:           Julie Hogan            Loan Program:     FRDM
Estimated Closing Date: 4/10/2000                Fee Program:      STD
Prepared Date:            3/30/2000

ESCROW STATEMENT OF:   Joseph F. Grobaski


Property Address:      1005 10th Lane
                       Greenacres, FL 33463-
```

|                                                                  | Debits     | Credits   |
|------------------------------------------------------------------|------------|-----------|
| NEW 2nd Trust Deed To: DiTech Funding Corp                       |            | 33,000.00 |
| **MISCELLANEOUS ADJUSTMENTS:**                                   |            |           |
| Prepaid Interest @ $12.72 Per Day  4/10/2000 - 5/1/2000          | 267.12     |           |
| **NEW LOAN CHARGES:**                                            |            |           |
| Loan Origination Fee @ 10.000                                    | 3,300.00   |           |
| Loan Discount                                                    | 0.00       |           |
| Administration Fee                                               | 395.00     |           |
| First Payment                                                    | 394.09     |           |
| State /Intangible Tax                                            | 66.00      |           |
| Mortgage Tax                                                     | 115.50     |           |
| **LOAN PAYOFFS:**                                                |            |           |
| Principal Due To - BURDINES/FDSNB (Estimated)                    | 212.00     |           |
| Principal Due To - CHASE NA (Estimated)                          | 4,969.00   |           |
| Principal Due To - CITIBANK MC (Estimated)                       | 106.00     |           |
| Principal Due To - PALM BEACH NAT B&T (Estimated)                | 8,748.00   |           |
| Principal Due To - SEARS (Estimated)                             | 1,271.00   |           |
| Balance Due You (Estimated)                                      | 13,156.29  |           |
| *ESTIMATED TOTAL*                                                | 33,000.00  | 33,000.00 |

**THIS IS A FINAL SETTLEMENT STATEMENT.**

Joseph F. Grobaski

EXHIBIT 2

# EXHIBIT 3

## MULTI-STATE 5 YEAR PREPAYMENT
## ADDENDUM TO NOTE

| | |
|---|---|
| Date: | March 30, 2000 |
| Loan Number: | 000652079284 |
| Borrower: | Joseph P. Grobaski |
| Property Address: | 1005 10th Lane |
| | Greenacres, FL  33463 |

This addendum is made this **First**        day of **April**        , **2000**  and is incorporated into and deemed to amend and supplement the Note of the same date.

Covering the property described in the security instrument and located at:
**1005 10th Lane**
**Greenacres, FL  33463**

Amended Provisions.  In addition to the provisions and agreements made in the Note, Borrower(s) further covenants and agrees as follows:

Paragraph number 6 of the Note is amended as follows:

6.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE:  I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment."  When I make a prepayment, I will tell the Note Holder in a letter that I am doing so.  A prepayment of the entire unpaid principal is known as a "full prepayment."  A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full or partial prepayment; however, the Note Holder may charge me for the privilege of prepayment. If more than 20% of the original principal amount of this Note is prepaid in any 12-month period within 5 years after the date of this loan, I agree to pay a prepayment charge equal to 6 months interest on the amount prepaid which is in excess of 20% of the original principal amount of this Note.  If I make a Partial Prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.

Your acknowledgment below signifies that written notice was provided to you.

_____         _____
                                          Joseph P. Grobaski

_____         _____

EXHIBIT 3

☙JS 44MD (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph P. Grobaski

**DEFENDANTS**
GMAC Mortgage Corporation DBA ditech.com

**(b)** County of Residence of First Listed Plaintiff    Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary T. Szeluga    (301) 620-1016
Legg Law Firm, LLC.
5500 Buckeystown Pike, Frederick, MD  21703

Attorneys (If Known)
Nathon E. Nason  (561) 686-3307
Nason, Yeager, Gerson, White & Lioce, PA
1645 W. Palm Beach Lakes Blvd, W PB, FL 33401

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of TILA, 15 U.S.C. Sec 1601 and HOEPA, 15 U.S.C. Sec 1639

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):
JUDGE    Conway/ Baker    DOCKET NUMBER    6:03-cv-1858

DATE    8/30/04
SIGNATURE OF ATTORNEY OF RECORD    Mary Szeluga

FOR OFFICE USE ONLY
RECEIPT # _____    AMOUN _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____